[856 NYS2d 193]

In the Matter of JOHN G. BROETSKY (Admitted as JOHN GERARD BROETSKY), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 8, 2008

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Anthony R. Wynne* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated October 24, 2006, containing nine charges of professional misconduct. After a hearing at which the parties agreed to a stipulation of facts, the Special Referee sustained all nine charges. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline upon the respondent as the Court may deem just and proper. Although served with the Grievance Committee's motion and supporting affirmation on July 27, 2007, the respondent has neither cross-moved nor submitted any papers in reply thereto.

Charge one alleges that the respondent engaged in conduct that is prejudicial to the administration of justice by failing to duly reregister with the Office of Court Administration (hereinafter OCA) as an attorney and counselor-at-law, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Judiciary Law § 468-a (1) requires that any attorney and counselor-at-law admitted to practice in New York file a biennial registration statement with OCA and pay a fee, unless exempt from payment under statute. Judiciary Law § 468-a (5) states that noncompliance with that section constitutes conduct prejudicial to the administration of justice (*see* Rules of Chief Admin of Cts [22 NYCRR] § 118.1).

The respondent was required to file a biennial registration statement and pay the fee in or about September 1998 for the

period 1998-1999. The respondent failed to file his biennial registration statement and pay the applicable fee for that period and all subsequent periods to date.

Charge two alleges that the respondent engaged in conduct that is prejudicial to the administration of justice and/or adversely reflects on his fitness as a lawyer by failing to cooperate with the demands of the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

By letter dated January 24, 2003, the Grievance Committee advised the respondent that he was the subject of a sua sponte complaint based upon his failure to file his biennial registration with OCA and directed him to answer within 10 days explaining his failure to reregister. The letter further demanded that the respondent submit proof of his registration to the Grievance Committee within 60 days.

In view of his failure to comply, the Grievance Committee sent the respondent a letter dated May 1, 2003, directing him to submit an answer within 10 days. By letter dated May 29, 2003, the respondent submitted an answer to the complaint stating that his delinquency was inadvertent.

By letter dated July 8, 2003, the Grievance Committee advised the respondent that OCA records still indicated that he was delinquent and directed him to provide proof of reregistration by July 18, 2003. As of the date of the petition, the respondent failed to do so.

Charge three alleges that the respondent engaged in conduct that is prejudicial to the administration of justice and/or adversely reflects on his fitness as a lawyer by failing to cooperate with the lawful demands of the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

By letter dated October 1, 2003, the Grievance Committee advised the respondent that it had considered the sua sponte complaint initiated against him and, after due deliberation, authorized the issuance of an admonition conditioned upon his reregistering with OCA within 30 days of his receipt of the letter. The Grievance Committee also advised the respondent that if he failed to comply with the condition of the admonition, it would move for his interim suspension and for authorization to institute a disciplinary proceeding.

The respondent failed to comply with the conditions set forth in the letter of admonition. The respondent appeared before the

Grievance Committee pursuant to subpoena and admitted that he received the conditional letter of admonition and failed to reregister as indicated.

Charge four alleges that the respondent engaged in conduct that is prejudicial to the administration of justice and/or adversely reflects on his fitness as a lawyer by failing to cooperate with the lawful demands of the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

At his appearance before the Grievance Committee on September 21, 2005, the respondent testified that he would bring his OCA registration current within 90 days of that date. His registration remained delinquent as of the date of the petition.

Charge five alleges that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) and DR 1-102 (a) (7) (22 NYCRR 1200.30 [a] [3]; 1200.3 [a] [7]).

By letter dated November 11, 2004, Patti Potash filed a complaint alleging that the respondent failed to file an infant compromise order with the court in a matter settled in June 2002. By letters dated January 14, 2005, and January 24, 2005, the respondent admitted that failure. He filed an infant compromise order in or about January 2005, $2\frac{1}{2}$ years after the matter was settled.

Charge six alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer by failing to communicate with an attorney in the course of business, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

The respondent failed to communicate with Patti Potash, counsel for an insurance company, despite numerous telephone calls and written communications.

Charge seven alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by misrepresenting to the Grievance Committee the status of lost United States Postal Service money orders, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).

By facsimile dated December 19, 2005, the respondent advised the Grievance Committee that he tendered two United States Postal Service money orders to OCA to bring his registra-

tion current. OCA records do not reflect receipt. By facsimile dated February 6, 2006, the respondent informed the Grievance Committee that he filed a money order inquiry form with the United States Postal Service to track the two money orders. By facsimile dated February 17, 2006, the respondent advised that the United States Postal Service acknowledged his inquiry and advised that a replacement would be made if the checks were not cashed within 60 days.

On May 4, 2006, the respondent informed the Grievance Investigator that he was still trying to resolve the missing money orders with the Postal Service. The respondent received reimbursement for the money orders on or about February 22, 2006. On May 24, 2006, the respondent admitted under oath before the Grievance Committee that he has been dishonest with respect to this matter.

Charge eight alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by misrepresenting to the Grievance Committee that he duly registered with OCA, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).*

By facsimile dated May 13, 2006, the respondent advised the Grievance Committee that he sent two money orders totaling $1,500 to OCA to bring his registration current. On May 24, 2006, the respondent testified before the Grievance Committee that he mailed the two money orders to OCA and that he received delivery confirmation from the United States Postal Service.

By facsimile dated June 15, 2006, the Grievance Committee advised the respondent that his registration remained delinquent and that he should immediately contact the Grievance Committee to advise whether his registration material had been returned to him. The respondent failed to contact the Grievance Committee.

In or about August 2006, the respondent negotiated the money orders that he had purportedly sent to OCA.

---

* In its posthearing memorandum, the Grievance Committee corrected a "clerical error" in the petition with respect to charges seven and eight. While the factual specifications of those charges were correct, the citation to Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) instead of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) was incorrect. The respondent entered into a stipulation admitting the factual specifications of both charges and made no objection to the Grievance Committee's correction.

Charge nine alleges that the respondent engaged in conduct that is prejudicial to the administration of justice and/or adversely reflects on his fitness as a lawyer by failing to cooperate with the lawful demands of the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

By facsimile dated June 15, 2006, the Grievance Committee directed the respondent to advise it whether the OCA registration that he purported to have sent to OCA was returned to him. As of the date of the petition, the respondent failed to contact the Grievance Committee as directed.

The respondent submitted an affidavit in opposition to the Grievance Committee's motion for his interim suspension in which he admitted mistakes but denied that he was guilty of unethical practices. He specifically denied the charges about misleading the Grievance Committee and not being honest as to the receipt of refunds. He asserted family illness and financial hardship for his failures. With respect to his admitted delay in filing an infant compromise order, the respondent pointed out the client had not been prejudiced and had not complained of the delay.

On May 4, 2007, the parties voluntarily entered into a stipulation wherein the respondent admitted all of the factual specifications of the nine charges of the petition. In view of the respondent's admissions and the evidence adduced, the Special Referee properly sustained all of the charges. The Grievance Committee's motion to confirm is granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent has no prior disciplinary history. The Special Referee found that the respondent had engaged in a pattern of conduct that demonstrated irresponsible behavior in the conduct of his duties as a lawyer. In addition to his failures to cooperate, the respondent misled the Grievance Committee with respect to the status of two lost money orders and negotiated two others that he had purportedly sent to OCA. At his May 24, 2006 deposition, the respondent conceded that he had been dishonest with the Grievance Committee with regard to when he received reimbursement of the lost money orders and when he replaced them. The respondent admittedly faxed a notification to the Grievance Investigator indicating that he would check with the post office when, in fact, he had already been reimbursed and had used that money for expenses relative to his father-in-law's care.

By fax dated May 13, 2006, the respondent sent the Grievance Committee copies of two money orders totaling $1,500 payable to OCA to cover his registration arrears. The Grievance Committee learned, and the respondent admitted in the stipulation, that he negotiated those money orders in or about August 2006. These misstatements, in the opinion of the Special Referee, seriously reflect on the respondent's integrity and trustworthiness as a member of the bar.

Balancing the mitigation presented at the hearing, including the respondent's expressed remorse, his ultimate compliance with the registration requirements, the absence of harm to clients, his previously unblemished record, and his family problems, with the respondent's duplicity with respect to the Grievance Committee, the respondent is suspended from the practice of law for a period of six months.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and SKELOS, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, John G. Broetsky, admitted as John Gerard Broetsky, is suspended from the practice of law for six months, commencing May 8, 2008, with leave to apply for reinstatement upon the expiration of said period, upon furnishing satisfactory proof that during said period he: (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (c) complied with the applicable provisions of 22 NYCRR 691.11 (c) (4); and (d) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, John G. Broetsky, admitted as John Gerard Broetsky, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, John G. Broetsky, admitted as John Gerard Broetsky, has been issued a secure pass by the Of-

fice of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in him affidavit of compliance pursuant to 22 NYCRR 691.10 (f):